1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SAMIR IBRAHIM MARCOSS,                    No.  1:18-cv-00489-DAD-EPG

12              Plaintiff,

13        v.                                    ORDER GRANTING DEFENDANT'S
                                                MOTION TO DISMISS AND DIRECTING
14    JPMORGAN CHASE BANK, N.A.,                PLAINTIFF TO FILE A FIRST AMENDED
                                                COMPLAINT
15              Defendant.
                                                (Doc. No. 9)
16

17

18           This matter is before the court on defendant's motion to dismiss.  (Doc. No. 9.)  A hearing

19    on the motion was held on July 17, 2018.  (Doc. No. 15.)  Attorney Brian Folland appeared

20    telephonically on behalf of plaintiff Samir Ibrahim Marcoss ("plaintiff"), and attorney Jonathan

21    Bond appeared telephonically on behalf of defendant JPMorgan Chase Bank, N.A. ("defendant").

22    (*Id.*)  Having reviewed the parties' briefing and heard oral arguments, and for the reasons that

23    follow, defendant's motion to dismiss will be granted.

24                                         **BACKGROUND**

25           In his complaint, plaintiff alleges as follows.  Defendant systematically failed to

26    adequately communicate alternatives to foreclosure with defaulted borrowers, including properly

27    noticing foreclosure sales and reviewing completed loan modification applications in violation of

28    California pre-foreclosure statutes.  (Doc. No. 1-1.)  On January 11, 2002, plaintiff purchased real

                                                   1

property located at 2338 E. Rush Ave., Fresno, CA 93720. (*Id.* at ¶ 7.) The property was refinanced by Washington Mutual on February 16, 2006, after which defendant purchased the loan. (*Id.*) Plaintiff defaulted on the loan in August 2010. (*Id.* at ¶ 8.) On August 22, 2011, defendant recorded a notice of default ("NOD") in the Fresno County Recorder's Office. (*Id.* at ¶ 9.) Prior to recording the NOD, defendant failed to contact plaintiff to assess plaintiff's financial situation and explore options for avoiding foreclosure. (*Id.* at ¶ 10.) Defendant did not advise plaintiff of his right to request a meeting regarding foreclosure alternatives that would be scheduled within fourteen days, nor did defendant provide plaintiff with a toll-free phone number to contact a United States Department of Housing and Urban Development ("HUD") certified counseling agency. (*Id.*)

After receipt of the NOD, plaintiff submitted a completed loan modification application to defendant. (*Id.* at ¶ 12.) Plaintiff provided defendant with the following documents: a completed request for modification assistance ("RMA") application, a completed borrower and co-borrower acknowledgement and agreement, detailed accounts of plaintiff's household income and expenses, an affidavit explaining financial hardship, a Tax Form 4506T, and a Dodd-Frank certification (hereinafter "the Application"). (*Id.*) Following receipt of the Application, defendant withheld determination on plaintiff's modification application, though plaintiff had satisfied all the required conditions in receiving and securing the requested relief. (*Id.* at ¶¶ 13–14.)

According to plaintiff, defendant repeatedly failed to review plaintiff's submitted Application and, nonetheless, would request new iterations of the same documents to replace ones that had aged beyond their usefulness. (*Id.* at ¶ 15.) Plaintiff complied with these requests with responsive documentation and within the timeframe required by the request. (*Id.* at ¶ 16.)

On August 26, 2016, a Notice of Trustee's Sale ("NTS") was recorded against the property, even though plaintiff's completed Application was pending a determination on the merits. (*Id.* at ¶ 18.) Defendant failed to render a final determination on plaintiff's eligibility for a loan modification and completed the foreclosure process on May 15, 2017, at which point the property in question was sold at an auction. (*Id.* at ¶ 19.)

1    Plaintiff seeks general damages, compensatory damages of at least $250,000,

2  consequential damages, punitive damages, attorneys' fees, and any other relief that the court

3  deems proper.  (*Id.* at 12.)

**LEGAL STANDARD**

5    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

6  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

7  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

8  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

9  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

10  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

11  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12  the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

13  *Iqbal*, 556 U.S. 662, 678 (2009).

14    In determining whether a complaint states a claim on which relief may be granted, the

15  court accepts as true the allegations in the complaint and construes the allegations in the light

16  most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

17  *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth

18  of legal conclusions cast in the form of factual allegations.  *United States ex rel. Chunie v.*

19  *Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed

20  factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me

21  accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and

22  conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S.

23  at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action,

24  supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to

25  assume that the plaintiff "can prove facts which it has not alleged or that the defendants have

26  violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal.,*

27  *Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

28  /////

**DISCUSSION**

**A.     Request for Judicial Notice**

Defendant requests that the court take judicial notice of the following documents found in the official records of the Fresno County Recorder:  1) deed of trust recorded on February 16, 2006; 2) deed of trust recorded on October 27, 2016; 3) NOD recorded on April1, 2016; 4) NTS recorded on February 15, 2017; 5) trustee's deed upon sale recorded on May 19, 2017; and 6) special/limited warranty deed executed on December 15, 2017 and recorded January 30, 2018. (Doc. No. 9-1.)  Plaintiff does not object to the court taking judicial notice of these documents.

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into one for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The exhibits defendant requests that judicial notice be taken of are all matters of public record, duly recorded with the Fresno County Recorder.  (*See* Doc. No. 9-1.)  The fact of their recording can be "accurately and readily determined" because the accuracy of the source of the records—the Fresno County Recorder—cannot reasonably be questioned.  Fed. R. Evid. 201(b). Defendant's unopposed request for judicial notice will therefore be granted.

/////

/////

/////

**B.     California Civil Code § 2923.6**

Plaintiff's first cause of action is for violation of California Civil Code § 2923.6(c), which prohibited "dual tracking," a practice in which a lender would pursue foreclosure simultaneously with consideration of a borrower's loan modification application. (Doc. No. 1-1 at ¶¶ 23–36.) However, plaintiff brings the claim under a repealed version of the statute that was only effective until December 31, 2017. *See* Cal. Civ. Code § 2923.6 (repealed Jan. 1, 2018, effective Jan. 1, 2013–Dec. 31, 2017). On January 1, 2018, the prohibition on "dual tracking" codified in § 2923.6 was repealed. Plaintiff's complaint was filed in Fresno County Superior Court on February 9, 2018. (*See* Doc. No. 1-1 at 2.) Section 2924.11, which modified the prior legislation addressing dual tracking, became effective on January 1, 2018. *See* Cal. Civ. Code § 2924.11.

Defendant argues that plaintiff cannot state a claim under the repealed § 2923.6 and that plaintiff's claim cannot be construed as being brought under § 2924.11 because § 2923.6 does not contain a savings clause. (Doc. No. 9 at 10–11.) Additionally, defendant argues that even under § 2924.11, plaintiff's claim fails because plaintiff's allegations of the completeness of the loan modification application are insufficient as a matter of law. (*Id.* at 12.) At the hearing, plaintiff requested leave to amend the complaint to re-allege this cause of action under § 2924.11. The court finds this to be appropriate and plaintiff's claim brought under § 2923.6 will therefore dismissed without prejudice and with leave to amend.

**C.     California Civil Code § 2923.7**

Plaintiff's second cause of action is for violation of § 2923.7 based on defendant's alleged failure to provide plaintiff with a "single point of contact" ("SPOC") regarding communication about foreclosure prevention alternatives. (Doc. No. 1-1 at ¶¶ 37–42.) Plaintiff alleges that his calls were "always routed to alternative individuals, one [sic] of whom had the power or available information to address [plaintiff's] concerns regarding the status of his loan modification or the foreclosure sale of the property." (*Id.* at ¶ 40.) In moving to dismiss this claim, defendant argues that the statute expressly permits a team of individuals to operate as a SPOC, and that plaintiff fails to allege any conduct constituting a violation of the provision in sufficiently specific terms. (Doc. No. 9 at 14.)

1    California Civil Code § 2923.7 provides, in relevant part, that "[u]pon request from a

2    borrower who requests foreclosure prevention alternative, the mortgage servicer shall promptly

3    establish a single point of contact and provide to the borrower one or more direct means of

4    communication with the single point of contact." The section then defines a "single point of

5    contact" as "an individual or team of personnel, each of whom has the ability and authority to

6    perform the responsibilities described . . .." Cal. Civ. Code § 2923.7(e).

7        Here, plaintiff alleges that he had to speak with different individuals regarding the status

8    of his loan modification application and received conflicting information from those various

9    individuals. (Doc. No. 1-1 at ¶ 41.) Plaintiff also alleges that he requested a SPOC from

10   defendant numerous times but was denied. (*Id.* at ¶¶ 39–40.) As pled, it is not clear whether this

11   claim is based on the allegation that plaintiff did not have one designated individual point of

12   contact, or whether the SPOC did not satisfy the requirements of § 2923.7. At the hearing on the

13   pending motion, plaintiff's counsel indicated that he could provide additional specific facts to

14   support the allegations that plaintiff attempted to communicate with a SPOC regarding the status

15   of his loan modification application. Plaintiff's counsel also stated that, if permitted, plaintiff

16   could amend the complaint to cure any deficiencies with respect to § 2924.15, which provides

17   that any claims brought under § 2923.7 are only applicable to "first lien mortgages or deeds of

18   trust that are secured by owner-occupied residential real property containing no more than four

19   dwelling units." Cal. Civ. Code § 2924.15. Due to these deficiencies, defendant's motion to

20   dismiss the second cause of action will be granted with leave to amend.

21   **D.      California Business and Professions Code § 17200**

22       Plaintiff's final cause of action alleges that defendant's pattern and practice of failing to

23   review "a submitted and complete loan modification application while simultaneously pursuing

24   foreclosure of the loan is designed to cause serviceable debt to increase to an amount where

25   reinstatement is impossible and loan modification no longer available to otherwise qualified

26   applicants" and is therefore a violation of California's Unfair Competition Law ("UCL"),

27   Business and Professions Code § 17200. (Doc. No. 1-1 at ¶¶ 43–46.) Defendant argues that

28   plaintiff does not state a cognizable claim under § 17200 because his first two causes of action are

6

1    subject to dismissal.  (Doc. No. 9 at 15.)  Defendant also argues that to the extent plaintiff claims

2    that defendant acted fraudulently as prohibited by § 17200, such a claim must be supported by

3    specific factual allegations indicating what representations were made and how the public would

4    be deceived by them.  (*Id.*)

5         California's UCL prohibits false advertising and "any unlawful, unfair, or fraudulent

6    business act or practice."  Cal. Bus. & Prof. Code § 17200.  "The unlawful category of the UCL

7    borrows violations of other laws and treats them as unlawful practices that the unfair competition

8    law makes independently actionable."  *Haynish v. Bank of Am., N.A.*, 284 F. Supp. 3d 1037, 1051

9    (N.D. Cal. 2018) (citing *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th

10   163, 180 (1999).  "To state a claim based on an unlawful business act or practice, a plaintiff must

11   allege facts sufficient to show a violation of some underlying law."  *Haynish*, 284 F. Supp. 3d at

12   1051 (citing *Johnson v. PNC Mortg.*, No. C 14-02976 LB, 2014 WL 3962662, at *11 (N.D. Cal.

13   2014) (citations omitted).

14        As indicated above, plaintiff's claims brought under §§ 2923.6 and 2323.7 will both be

15   dismissed.  "A UCL cause of action cannot be maintained if other causes of action based on the

16   same factual allegations fail."  *Palmer v. MTC Financial, Inc.*, No. 1:17-cv-00043-DAD-SKO,

17   2017 WL 2311680, at *11 (E.D. Cal. May 26, 2017).  To the extent that plaintiff wishes to bring a

18   claim under the "fraud" prong of § 17200, the complaint must allege facts indicating "that

19   members of the public are likely to be deceived" by specific business practices.  *Podolsky v. First*

20   *Healthcare Corp.*, 50 Cal. App. 4th 632, 648 (1996), *as modified* (Nov. 5, 1996), *as modified*

21   (Nov. 20, 1996) (*citing Comm. on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d

22   197, 211 (1983)).  Plaintiff has not alleged that any of defendant's specific business practices are

23   likely to deceive members of the public.  For these reasons, plaintiff's third cause of action will

24   also be dismissed with leave to amend.

25   /////

26   /////

27   /////

28   /////

7

**CONCLUSION**

Defendant's motion to dismiss (Doc. No. 9) is granted in its entirety, with leave to amend being granted as well. Plaintiff is directed to file and serve any amended complaint no later than twenty-eight days from the service of this order.

IT IS SO ORDERED.

Dated:     **July 20, 2018**

_____
UNITED STATES DISTRICT JUDGE