1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMIR IBRAHIM MARCOSS,                    No.  1:18-cv-00489-DAD-EPG

12              Plaintiff,

13        v.                                   ORDER GRANTING DEFENDANT'S
                                               MOTION TO DISMISS WITH LEAVE TO
14   JPMORGAN CHASE BANK, N.A.,                AMEND

15              Defendant.                     (Doc. No. 18)

16

17

18        This matter is before the court on defendant JPMorgan Chase Bank, N.A.'s ("defendant")

19   motion to dismiss plaintiff Samir Ibrahim Marcoss' ("plaintiff") first amended complaint

20   ("FAC").  (Doc. No. 18.)  On October 2, 2018, the court held a hearing on the motion.  Attorney

21   Brian Folland appeared telephonically on behalf of plaintiff, and attorney Jonathan C. Bond

22   appeared telephonically on behalf of defendant.  Having reviewed the parties' briefing and heard

23   arguments, and for the reasons set forth below, the court grants defendant's motion to dismiss and

24   grant plaintiff leave to file a second amended complaint within thirty days.

                                          **BACKGROUND**
25

26        In the FAC, plaintiff alleges as follows.  Defendant systematically failed to adequately

27   communicate alternatives to foreclosure with defaulted borrowers, including properly noticing

28   foreclosure sales and reviewing completed loan modification applications in violation of

                                                 1

California pre-foreclosure statutes. (Doc. No. 17.) On January 11, 2002, plaintiff purchased real property located at 2338 E. Rush Ave., Fresno, CA 93720. (*Id.* at ¶ 7.) The property was refinanced by Washington Mutual on February 16, 2006, after which defendant purchased the mortgage loan. (*Id.*) Plaintiff defaulted on the loan in August 2010. (*Id.* at ¶ 8.) On August 22, 2011, defendant recorded a notice of default ("NOD") in the Fresno County Recorder's Office. (*Id.* at ¶ 9.) Prior to recording the NOD, defendant failed to contact plaintiff to assess plaintiff's financial situation and explore options for avoiding foreclosure. (*Id.* at ¶ 10.) Defendant did not advise plaintiff of his right to request a meeting regarding foreclosure alternatives that would be scheduled within fourteen days, nor did defendant provide plaintiff with a toll-free phone number to contact a United States Department of Housing and Urban Development ("HUD") certified counseling agency. (*Id.*)

After receipt of the NOD, plaintiff submitted a completed loan modification application to defendant. (*Id.* at ¶ 12.) Plaintiff provided defendant with the following documents: a completed request for modification assistance ("RMA") application, a completed borrower and co-borrower acknowledgement and agreement, detailed accounts of plaintiff's household income and expenses, an affidavit explaining financial hardship, a Tax Form 4506T, and a Dodd-Frank certification (hereinafter "the application"). (*Id.*) Following receipt of the application, defendant withheld determination on plaintiff's modification application, though plaintiff alleged that he satisfied all the required conditions in receiving and securing the requested relief. (*Id.* at ¶¶ 13–14.)

According to plaintiff, defendant repeatedly failed to review plaintiff's submitted application and, nonetheless, requested new iterations of the same documents to replace ones that had aged beyond their usefulness. (*Id.* at ¶ 15.) Plaintiff complied with these requests with responsive documentation and within the timeframe required by the request. (*Id.* at ¶ 16.)

On August 26, 2016, a Notice of Trustee's Sale ("NTS") was recorded against the property, even though plaintiff's completed application was, and still remains, pending a determination on the merits. (*Id.* at ¶ 18.) Defendant failed to render a final determination on plaintiff's eligibility for a loan modification and completed the foreclosure process on May 15,

1    2017, at which point the property in question was sold at an auction.  (*Id.* at ¶ 19.)

2            Plaintiff seeks general damages, compensatory damages of at least $250,000,

3    consequential damages, punitive damages, attorneys' fees, and any other relief that the court

4    deems proper.  (*Id.* at 12.)

5            The court previously granted defendant's motion to dismiss and granted plaintiff leave to

6    file a FAC on July 20, 2018.  (Doc. No. 16.)  Plaintiff filed a FAC on August 6, 2018.  (Doc. No.

7    17.)  Defendant filed a motion to dismiss on August 23, 2018.  (Doc. No. 18.)  Plaintiff filed an

8    opposition on September 10, 2018.  (Doc. No. 20.)  Defendant replied on September 25, 2018.

9    (Doc. No. 22.)

10                                    **LEGAL STANDARD**

11            The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

12   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

13   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

14   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

15   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

16   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

17   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

18   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

19   *Iqbal*, 556 U.S. 662, 678 (2009).

20            In determining whether a complaint states a claim on which relief may be granted, the

21   court accepts as true the allegations in the complaint and construes the allegations in the light

22   most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

23   *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth

24   of legal conclusions cast in the form of factual allegations.  *United States ex rel. Chunie v.*

25   *Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed

26   factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me

27   accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and

28   conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S.

                                              3

at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).[1]

**DISCUSSION**

**A.      Request for Judicial Notice**

Defendant requests that the court take judicial notice of the following documents: 1) the deed of trust recorded on February 16, 2006 in the official records of the county recorder for the County of Fresno; 2) the deed of trust recorded on October 27, 2016 in the official records of the county recorder for the County of Fresno; 3) the notice of default recorded on April1, 2016 in the official records of the county recorder for the County of Fresno; 4) the notice of trustee's sale recorded on February 15, 2017 in the official records of the county recorder for the County of Fresno; 5) the trustee's deed upon sale recorded on May 19, 2017 in the official records of the county recorder for the County of Fresno; and 6) the special/limited warranty deed executed on December 15, 2017 and recorded January 30, 2018 in the official records of the county recorder for the County of Fresno. (Doc. No. 9-1.) The court has previously granted defendant's request to take judicial notice of these same documents, and an additional request is unnecessary. (Doc. No. 16 at 4.) Therefore, defendant's second request for judicial notice is denied as duplicative.

---

[1] The court notes that in opposing the instant motion to dismiss plaintiff has applied the incorrect legal standard. In his opposition, plaintiff states: "Federal Rules of Civil Procedure require only 'notice' pleading; that the court should construe plaintiff's allegations liberally as the complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (Doc. No. 20 at 2.) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–513 (2002). *Swierkiewicz* applied the "notice pleading" standing established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which required only that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." However, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007), the Supreme Court abrogated its holding in *Conley* and adopted a stricter "plausibility" standard, requiring that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The pleading standard established in *Twombly* was later upheld in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's counsel is directed to apply the correct standard in opposing any future motions to dismiss brought in this action.

4

## B.    California Civil Code § 2924.11

Plaintiff's first claim is for violation of California Civil Code § 2924.11, which prohibits "dual tracking," whereby a lender pursues foreclosure while simultaneously considering a borrower's loan modification application.  (Doc. No. 1-1 at ¶¶ 23–36.)  Plaintiff initially brought his first cause of action for violation of the California Civil Code § 2923.6(c).  (Doc. No. 1-1 at ¶¶ 23–36.)  Plaintiff acknowledged that he brought the claim under a repealed version of the statute that was only effective until December 31, 2017 (Doc. No. 12 at 2–3) and requested leave to amend the complaint to re-allege this cause of action under § 2924.11, which the court granted.[2] (Doc. No. 16 at 5.)

In the FAC, plaintiff realleged nearly verbatim the same dual-tracking claim, this time under California Civil Code § 2924.11 instead of § 2923.6.  (Doc. No. 17 at 5–7.)  In moving to dismiss, defendant again argues that plaintiff has failed to allege elements of the claim required by § 2924.15,[3] including that the loan at issue is a first-lien mortgage, or a deed of trust that is secured by owner-occupied residential real property containing no more than four dwelling units, which are statutory requirements for asserting this claim.[4] (Doc. No. 18 at 11.)  The court finds that plaintiff's dual-tracking claim as plead fails to allege elements required under § 2924.15 and

---

[2]  The court notes that some courts "have held that the 2018 repeal-and-replace of the HBOR extinguished certain types of dual-tracking claims under § 2923.6." *Taitano v. Wells Fargo Bank, N.A.*, No. 18-CV-03924-NC, 2018 WL 5849005, at *3 (N.D. Cal. Nov. 5, 2018) (citing cases).  However, in an unpublished opinion, the Ninth Circuit held that plaintiffs "may still pursue claims under former sections 2923.55 and 2923.6" because "section 2924.11 still protects the same rights [plaintiffs] seek to enforce here." *Travis v. Nationstar Mortg., LLC*, 733 F. App'x 371, 373 (9th Cir. 2018).  In this litigation, neither party has raised the issue of whether a savings clause applies to preserve claims brought under either § 2923.6 or § 2924.11.  To the extent that plaintiff amends his complaint and defendant subsequently files another motion to dismiss, the parties are directed to address this issue.

[3]  "Unless otherwise provided, Sections 2923.5, 2923.7, and 2924.11 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units.  For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes."  Cal. Civ. Code § 2924.15.

[4]  Defendant also argues that plaintiff fails to allege that the property is the principal residence of plaintiff, but in fact, this allegation is included in plaintiff's FAC.  (*See* Doc. No. 17 at 2.)

1  must, therefore, be dismissed.

2      Additionally, defendant argues that plaintiff makes generalized allegations regarding his

3  dual tracking claim and does not plead with specificity regarding the dates when plaintiff's

4  application was submitted and completed.  (*Id.* at 13.)  In both the original complaint and the

5  FAC, plaintiff alleges that "[a]t all times material to this action," plaintiff has provided all

6  documentation required by defendant for review of the loan modification, while defendant has

7  held the pending complete application without issuing either an acceptance or denial.  (Doc. Nos.

8  1-1 at ¶ 31–33; 17 at ¶ 31–33.)  At the hearing for the instant motion, plaintiff indicated that he

9  could amend the complaint to include when the loan modification application was completed and

10  when updates to the application were submitted.[5]  Therefore, the court directs plaintiff to include

11  these allegations if he elects to file a second amended complaint.

12  **C.      California Civil Code § 2923.7**

13      Plaintiff's second claim is for violations of § 2923.7 based on defendant's alleged failure

14  to provide plaintiff with a "single point of contact" ("SPOC") regarding communication about

15  foreclosure prevention alternatives.  (Doc. No. 17 at 8.)  California Civil Code § 2923.7 provides

16  in relevant part that "[u]pon request from a borrower who requests a foreclosure prevention

17  alternative, the mortgage servicer shall promptly establish a single point of contact and provide to

18  the borrower one or more direct means of communication with the single point of contact."  The

19  section defines a "single point of contact" as "an individual or team of personnel, each of whom

20  has the ability and authority to perform the responsibilities described . . .."  Cal. Civ. Code §

21  2923.7(e).

22      This claim was dismissed as pled in plaintiff's initial complaint, but plaintiff's counsel

23  indicated he could provide additional specific facts to support the allegations that plaintiff

24  _____

25  [5]  The court notes that it is not aware of any binding authority that states that a plaintiff cannot state a claim under § 2923.7 without alleging specific dates when the loan modification

26  application was completed.  Courts have dismissed § 2923.7 claims when plaintiffs fail to allege what documents were requested and subsequently provided as part of the foreclosure prevention

27  application.  *See Taitano v. Wells Fargo Bank, N.A.*, No. 18-CV-03924-NC, 2018 WL 5849005, at *4 (N.D. Cal. Nov. 5, 2018).  Here, however, plaintiff has clearly identified the submitted

28  documents in a completed loan modification application.  (*See* Doc. No. 17 at ¶ 12.)

6

attempted to communicate with a SPOC regarding the status of his loan modification application. (*See* Doc. No. 16 at 6.)  In the first amended complaint, plaintiff has added the following allegations in support of his claim under § 2923.7:

> The individuals Samir talked to over the phone regarding his loan never had the ability or authority to perform the responsibilities described and required pursuant to Cal. Civ. Code 2923.7(e).  These individuals knew no facts regarding Samir's loan and could not answer any questions regarding the status of his loan or the modification thereto.

(Doc. No. 17 at ¶ 40.)  Defendant argues that these additional allegations are conclusory; they do not indicate what responsibilities the SPOC individuals were unable to perform, nor do they allege what facts or questions the SPOC individuals were unaware of or unable to respond to. (Doc. No. 18 at 15.)

Here, plaintiff alleges that, although he has requested one since 2013, he was never assigned to a SPOC.  (Doc. No. 17 at ¶ 39.)  Further, plaintiff alleges that the different individuals he spoke to provided conflicting information regarding the status of his loan modification application and foreclosure, thus preventing him from obtaining accurate information.  (*Id.* at ¶ 41.)  Other courts have found these types of allegations sufficient to state a claim under § 2923.7. *See Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 873 (N.D. Cal. 2015) (allegations that plaintiff was unable to speak to a designated SPOC, obtain accurate information regarding her loan or foreclosure, and received "contradictory and confusing information" about necessary documents was sufficient to state a claim under § 2923.7); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 999 (N.D. Cal. 2014) (allegations that the assigned SPOC failed to return any of plaintiff's phone calls and timely inform plaintiff of the status of her loan modification were sufficient to state a claim under § 2923.7).  Therefore, the court does not find that dismissal is warranted solely because the allegations lack specificity.

However, dismissal is nonetheless warranted because plaintiff continues to fail to allege that his claims brought under § 2923.7 are with regard to "first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units."  Cal. Civ. Code § 2924.15.  At the initial hearing on defendant's first motion to

7

1 dismiss, plaintiff indicated he would be able to remedy this deficiency, but he has failed to do so

2 in his FAC.  Therefore, this claim must also be dismissed.

3 **D.      California Business and Professions Code § 17200**

4 Plaintiff's final cause of action alleges that defendant's pattern and practice of failing to

5 review "a submitted and complete loan modification application while simultaneously pursuing

6 foreclosure of the loan is designed to cause serviceable debt to increase to an amount where

7 reinstatement is impossible and loan modification is no longer available to otherwise qualified

8 applicants" and is therefore a violation of California's Unfair Competition Law ("UCL"),

9 Business and Professions Code § 17200.  (Doc. No. 17 at ¶¶ 43–46.)  Defendant argues that

10 plaintiff does not state a cognizable claim under § 17200 because his first two causes of action are

11 subject to dismissal.  (Doc. No. 18 at 15.)  Defendant also argues that to the extent plaintiff claims

12 that defendant acted fraudulently as prohibited by § 17200, such a claim must be supported by

13 specific factual allegations indicating what representations were made and how the public would

14 be deceived by them.  (*Id.* at 16.)

15 California's Business and Professions Code § 17200 broadly defines unfair competition to

16 include any business act or practice that is unlawful, unfair, or misleading.  The Ninth Circuit has

17 observed that

18 
19 
20 
> § 17200 does not proscribe specific practices. Rather, ... it defines
> "unfair competition" to include "any unlawful, unfair or fraudulent
> business act or practice." . . . Its coverage is "sweeping, embracing
> anything that can properly be called a business practice and that at
> the same time is forbidden by law."

21 *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (quoting *Cel–Tech*

22 *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999)).

23 A UCL cause of action cannot be maintained if other causes of actions based on the same

24 factual allegations fail.  *See, e.g., Glenn K. Jackson Inc.*, 273 F.3d at 1203 ("[T]he breadth of §

25 17200 does not give a plaintiff license to 'plead around' the absolute bars to relief contained in

26 other possible causes of action by recasting those causes of action as ones for unfair

27 competition."); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) ("[Claims]

28 for relief under the unfair competition law stand or fall depending on the fate of the antecedent

8

1 | substantive causes of action.").

2 |   As indicated above, plaintiff's claims brought under §§ 2923.6 and 2323.7 will both be

3 | dismissed.  Therefore, plaintiff's UCL claim must also be dismissed.

4 |   However, in the event that one of plaintiff's claims under § 2924.11 or §2923.7 ultimately

5 | survives a motion to dismiss, the court notes that it is not yet convinced that plaintiff's claim

6 | based on fraudulent business practices under the UCL is subject to dismissal.  Defendant argues

7 | that plaintiff is "required to plead facts indicating what alleged representations were made and

8 | how the public would be deceived by those statements." (Doc. No. 18 at 16.)  Plaintiff's FAC

9 | describes a business practice in which defendant failed to review complete loan modification

10 | applications and simultaneously pursued foreclosure, specifically to increase serviceable debt.

11 | (Doc. No. 17 at ¶ 44.)  Plaintiff alleges that this practice is likely to deceive members of the

12 | public, including plaintiff.  (*Id.*)  Accepting as true the allegations in the complaint and construing

13 | the allegations in the light most favorable to the plaintiff, the court concludes that a reasonable

14 | consumer would likely find such a described practice to be deceptive.  *See McKell v. Washington*

15 | *Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (2006) ("The determination as to whether a business

16 | practice is deceptive is based on the likely effect such practice would have on a reasonable

17 | consumer.") (citing *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 507 (2003)).

18 | **E.** **Leave to Amend**

19 |   At oral argument on the pending motion, plaintiff's attorney requested that in the event the

20 | court dismissed plaintiff's FAC, that further leave to amend be granted.  Federal Rule of Civil

21 | Procedure 15 instructs courts to "freely give leave when justice so requires" and that rule is "to be

22 | applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051

23 | (9th Cir. 2003) (internal quotation marks and citations omitted).  The court does not find that

24 | granting leave to amend in this case would cause "undue prejudice to the opposing party" and,

25 | therefore, out of an abundance of caution, the court will grant plaintiff's request for further leave

26 | to amend his complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, plaintiff will

27 | be given thirty days from the service of this order in which to file a second amended complaint,

28 | should he elect to do so.  Although the court will grant leave to amend, the court notes that it has

already done so once in this case, and that plaintiff's FAC suffers from essentially the same

defects as those of his original complaint. As in the court's order dismissing the original

complaint, the court here has provided plaintiff with detailed explanations as to how the FAC

fails to state a cognizable claim for relief. The court therefore expects that if plaintiff files a

second amended complaint, he will have corrected the deficiencies identified herein. If plaintiff

and his counsel were to determine that the noted deficiencies cannot be cured, a notice of

dismissal should be filed. Moreover, if a second amended complaint is filed, plaintiff is advised

that absent the presentation of compelling circumstances, no further leave to amend will be

granted in this action.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (Doc. No. 18) is granted.

Plaintiff is directed to file and serve any amended complaint no later than thirty days from the

issuance of this order.

IT IS SO ORDERED.

Dated:    **December 31, 2018**                    _____
                                                                     UNITED STATES DISTRICT JUDGE